UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

GUNNALLEN FINANCIAL, INC.,                      Case No. 8:10-bk-9635-MGW

          Debtor.                                  Chapter 11 Case
_____/

**ORDER DIRECTING THE UNITED STATES
TRUSTEE TO APPOINT AN EXAMINER**

THIS CASE came on for final evidentiary hearing on August 3, 2010 at 1:30 p.m. on the United States Trustee's *Motion to Authorize the Appointment of a Chapter 11 Trustee, Or Alternatively, to Convert Case to a Case under Chapter 7* (Dkt. No. 146) ("Motion"), and the United States Securities and Exchange Commission's *Joinder to and Statement of Support of the Motion to Appoint a Trustee or Convert Case* (Dkt. No. 150). The Court considered the presentation of the evidence and arguments made by counsel for the United States Trustee, the United States Securities and Exchange Commission, and the Debtor. For the reasons stated orally and recorded in open court, which shall constitute the decision of the Court, it is

    **ORDERED**:

    1.      Pursuant to 11 U.S.C. § 1104(c), the United States Trustee shall appoint an examiner in this case with expanded powers.

    2.      The examiner shall perform all duties specified in 11 U.S.C. §§ 1104(c) and 1106(b), which shall also include an investigation of the issues raised by the United

1

States Trustee and the United States Securities and Exchange Commission.

3. In addition to the duties specified in paragraph two above, the examiner's powers, duties and functions shall also consist of the following:

    a. Reviewing for approval all disbursements or expenditures from the Debtor's bank accounts following the Debtor's timely notice of such disbursements and expenditures to the examiner; and

    b. Reviewing for approval any and all transfers of the Debtor's assets following the Debtor's timely notice of such transfers to the examiner.

4. The Debtor may request that the Court approve transfers and disbursements that are not approved by the examiner.

5. The Court may modify the scope of the examiner's investigation in the event that the Court deems it appropriate.

6. The examiner is authorized to commence an investigation and the duties specified in paragraph two above immediately upon the examiner's appointment.

7. The examiner shall be given prompt and unrestricted access to all of the Debtor's employees, professionals, and all documents and information in the possession, custody, or control of the Debtor relating to the Debtor's assets, which the examiner reasonably believes are necessary to perform the investigation and duties specified in paragraph two above. Except to the extent required by applicable non-bankruptcy law, rules or regulations, the examiner shall have control over the Debtor's books and records, wherever located.

8. The examiner shall promptly meet and confer, separately if requested, with the United States Trustee, the Debtor, the Official Committee of Unsecured Creditors, the United States Securities and Exchange Commission, other parties in interest, and any person as the examiner may deem appropriate to conduct the investigation and carry out the duties and function of the examiner. The examiner may use best efforts to utilize relevant materials obtained by parties in interest in the course of any informal and/or formal discovery to avoid unnecessary duplication of work performed to date.

9. The examiner shall provide the Court with a preliminary (oral and written) report as required under 11 U.S.C. § 1106(a)(4) at the confirmation hearing scheduled for September 15, 2010. Neither the examiner nor the examiner's representatives or agents shall make any public disclosures concerning the investigation or performance of the examiner's duties, except in hearings before the Court, unless otherwise ordered by the Court.

10. The examiner shall, at any time, have the right to request, on notice to parties in interest, any relief from the Court that the examiner deems to be warranted in connection with the performance of the functions set forth herein.

11. The examiner may retain professionals if the examiner determines that such retention is necessary to discharge the examiner's duties, with such retention to be subject to Court approval after notice pursuant to 11 U.S.C. § 327.

12. The examiner shall receive a post-petition retainer in the amount of $30,000. The examiner and any professional retained by the examiner pursuant to order

of this Court shall be compensated and reimbursed for fees and expenses pursuant to 11 U.S.C. § 330.

13. Unless the Court orders otherwise, the examiner shall have the standing of a party in interest with respect to matters that are within the scope of the investigation, powers and duties, until the examiner completes the investigation and duties.

14. Trenam Kemker Scharf Barkin Frye O'Neill & Mullis, P.A, counsel to the Official Committee of Unsecured Creditors, shall receive a post-petition retainer in the amount of $30,000 to be applied to fees and costs, upon application to and approval of the Bankruptcy Court.

15 Oscher Consulting, P.A., accountants for the Official Committee of Unsecured Creditors, shall receive a post-petition retainer in the amount of $20,000 to be applied to fees and costs, upon application to and approval of the Bankruptcy Court.

16. Exclusivity is terminated effectively immediately upon the entry of this Order.

17. The Debtor shall provide a copy of the disclosure statement to the United States Trustee and the Securities and Exchange Commission prior to filing.

18. The Court shall retain jurisdiction to interpret and enforce all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

19. The United States Trustee's request for alternative relief in the form of conversion to Chapter 7 is DENIED.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on August 10, 2010.

*[signature: M.G. Williamson]*

MICHAEL G. WILLIAMSON
United States Bankruptcy Judge

*Copies furnished to:*

| | |
|---|---|
| GunnAllen Financial, Inc.<br>Post Office Box 172427<br>Tampa, FL 33672 | Harley E. Riedel, Esq.<br>Becky Ferrell-Anton, Esq. Amy Denton Harris, Esq.<br>Stichter, Riedel, Blain & Prosser, P.A.<br>110 E Madison Street, Suite 200<br>Tampa, FL 33602-4700<br>aharris.ecf@srbp.com<br>bfanton.ecf@srbp.com<br>hriedel.ecf@srbp.com |
| Local Rule 1007-2 Parties in Interest Matrix | Roberta A. Colton, Esq.<br>Trenam Kemker<br>P. O. Box 1102<br>Tampa, FL 33601-1102<br>racolton@trenam.com |