UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                    Chapter 11

GUNNALLEN FINANCIAL,                      Case No. 8:10-bk-9635-MGW
INC.,

          Debtor.
_____/

**SECOND AMENDED ORDER CONDITIONALLY APPROVING DISCLOSURE
STATEMENT, FIXING TIME TO FILE OBJECTIONS TO THE DISCLOSURE
STATEMENT, FIXING TIME TO FILE APPLICATIONS FOR ADMINISTRATIVE
EXPENSES, SETTING HEARING ON CONFIRMATION OF THE PLAN, AND
SETTING DEADLINES WITH RESPECT TO CONFIRMATION HEARING**

On August 16, 2010, this Court entered an Order Conditionally Approving
Disclosure Statement, Fixing Time to File Objections to the Disclosure Statement, Fixing
Time to File Applications for Administrative Expenses, Setting Hearing on Confirmation
of the Plan, and Setting Deadlines with Respect to Confirmation Hearing (Docket No.
272). The August 16 order required creditors to file ballots on or before September 7,
2010, and required parties in interest to file any objections to final approval of the
disclosure statement and confirmation on or before September 8, 2010. At the request of
the Office of the United States Trustee and the Official Committee of Unsecured
Creditors, the Debtor agreed to extend until September 10, 2010, the time for creditors to
file ballots and to extend until September 13, 2010, the time for parties in interest to file
any objections to final approval of the disclosure statement and confirmation. On August
16, 2010, the Court entered an Amended Order Conditionally Approving Disclosure
Statement, Fixing Time to File Objections to the Disclosure Statement, Fixing Time to
File Applications for Administrative Expenses, Setting Hearing on Confirmation of the
Plan, and Setting Deadlines with Respect to Confirmation Hearing (Docket No. 275).
The Amended Order contained a scrivener's error in that the deadline for filing
objections to confirmation had not been revised to reflect the extension agreed to by the
parties. Based upon the foregoing and a review of the Debtor's Second Amended Plan of
Liquidation Under Chapter 11 of the United States Bankruptcy Code ("**Disclosure
Statement**") (Docket No. 267) filed by GunnAllen Financial, Inc. ("**Plan Proponent**"),
the Court has determined that the Disclosure Statement contains adequate information
within the meaning of Section 1125 of the Bankruptcy Code and should be conditionally
approved. Accordingly, it is

**ORDERED:**

1. <u>Conditional Approval of Disclosure Statement</u>. The Disclosure Statement is
conditionally approved subject to the rights of parties to object as described below.

2.   <u>Objections to Disclosure Statement</u>. Any written objections to the Disclosure Statement shall be filed with the Court and served on the Local Rule 1007-2 Parties in Interest List no later than **two (2)** days prior to the date of the hearing on confirmation as set forth below ("**Confirmation Hearing**").  If no objections are filed within the time fixed, the conditional approval of the Disclosure Statement shall become final.  Any objections or requests to modify the Disclosure Statement shall be considered at the Confirmation Hearing.

3.   <u>Confirmation Hearing</u>. The Court will conduct a hearing on confirmation of the Plan, including timely filed objections to confirmation, objections to the Disclosure Statement, motions for cramdown, applications for compensation, and motions for allowance of administrative claims on **September 15, 2010 at 1:30 p.m.** in Courtroom 8A, United States Bankruptcy Court, 801 North Florida Avenue, Tampa, Florida. An election of application of Section 1111(b)(2) of the Bankruptcy Code by a class of secured creditors may be made at any time prior to the conclusion of the Confirmation Hearing. The hearing may be adjourned from time to time by announcement made in open court without further notice. If the Plan is not confirmed, the Court will also consider dismissal or conversion of the case.

4.   <u>Date for Acceptance or Rejection of the Plan</u>. Parties in interest shall submit their written ballots accepting or rejecting the Plan no later than **five (5) days** before the date of the Confirmation Hearing.

All Ballots should be returned either by regular mail, hand delivery, or overnight delivery to the Plan Proponent's balloting agent:

**If by regular first class mail:**

The Garden City Group, Inc.,
Balloting Agent for GunnAllen Financial, Inc.
P.O. Box 9610
Dublin, Ohio 43017-4910

**If by Federal Express, overnight courier or hand delivery:**

The Garden City Group, Inc.,
Balloting Agent for GunnAllen Financial, Inc.
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

5.   <u>Objections to Confirmation</u>. Objections to confirmation shall be filed with the Court and served on the Local Rule 1007-2 Parties in Interest List no later than **two (2)** days before the date of the Confirmation Hearing.

6. <u>Ballot Tabulation</u>. In accordance with Local Rule 3018-1(a), the Plan Proponent shall file a ballot tabulation no later than 96 hours prior to the time set for the Confirmation Hearing.

7. <u>Service of Solicitation Package</u>. No later than five days after entry of this Order, the Plan Proponent shall serve all parties entitled to service under Fed. R. Bankr. Proc. 3017(d) with copies of the Plan, Disclosure Statement, this Order, and ballots for accepting or rejecting the Plan, and a certificate of service evidencing service of same shall be filed with the Court within three (3) days thereafter.

8. <u>Administrative Claims Bar Date</u>. All creditors and parties in interest that assert a claim against the Debtor which arose after the filing of this case, including all professionals seeking compensation from the estate of the Debtor pursuant to Section 330 of the Bankruptcy Code, must file motions or applications for the allowance of such claims with the Court no later than fifteen (15) days after the entry of this Order. Any motions or applications filed may be heard at the Confirmation Hearing if properly scheduled and noticed by the applicant. Any motion or application not heard at the Confirmation Hearing will be scheduled for hearing in the normal course.

9. <u>Confirmation Affidavit</u>. Three (3) days prior to the Confirmation Hearing, the Plan Proponent shall file a confirmation affidavit which shall contain the factual basis upon which the Plan Proponent relies in establishing that each of the requirements of Section 1129 of the Bankruptcy Code are met.

<u>Appropriate Attire</u>. You are reminded that Local Rule 5072-1(b)(16) requires that all persons appearing in Court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.

<u>Avoid delays at Courthouse security checkpoints</u>. You are reminded that Local Rule 5073-1 restricts the entry of cellular telephones and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

**DONE** and **ORDERED** at Tampa, Florida, on August 18, 2010 _____.

_____ MGWilliamson _____
Michael G. Williamson
United States Bankruptcy Judge

Copies of this order to be served on all creditors and the Local Rule 1007-2 Parties in Interest List and proof of such service to be filed in accordance with Local Rule 7005-1 by counsel for Plan Proponent.