UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


In re:

GUNNALLEN FINANCIAL, INC.,
     Debtor

_____/

Chapter 11

Case No. 8:10-bk-9635-MGW


**ORDER APPROVING FIRST AMENDED DISCLOSURE STATEMENT WITH
RESPECT TO THE DEBTOR'S SECOND AMENDED PLAN OF LIQUIDATION
AND CONFIRMING THE DEBTOR'S SECOND AMENDED PLAN OF
LIQUIDATION, AS MODIFIED AT THE CONFIRMATION HEARING**


THIS CASE came before the Court for hearing on September 15, 2010 at 1:30

p.m. (the "**Hearing**") to consider final approval of the First Amended Disclosure

Statement for the Debtor's Second Amended Plan of Liquidation Under Chapter 11 of the

United States Bankruptcy Code [Docket No. 267] (the "**Disclosure Statement**") and to

consider confirmation of the Debtor's Second Amended Plan of Liquidation Under

Chapter 11 of the United States Bankruptcy Code dated as of August 13, 2010 [Docket

No. 266] (the "**Second Amended Plan**"). For the reasons stated orally and recorded in

open court which shall constitute the decision, findings of fact, and conclusions of law of

the Court, it is

**ORDERED** that

*1.*     *Jurisdiction and Venue.* This Court has jurisdiction pursuant to 28

U.S.C. §1334 over the Debtor, the Debtor's Chapter 11 case, all Claims against and

Equity Interests in the Debtor and all of the Debtor's property, contracts, and assets,

wherever located. Confirmation of the Second Amended Plan is a "core proceeding"

pursuant to, and without limitation, 28 U.S.C. §§157(b)(2)(A), (L), and (O). The Court has jurisdiction to enter a final order with respect to Confirmation of the Second Amended Plan. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

2. ***Terms.*** All capitalized terms used in, but not defined in, this Confirmation Order shall have the meanings ascribed to them in the Second Amended Plan. The "Bankruptcy Code" and the "Code" mean the provisions of Title 11 of the United States Code. "F.R.B.P." means the Federal Rules of Bankruptcy Procedure. The "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, read together.

3. ***Findings of Fact and Conclusions of Law.*** To the extent that any of the findings of fact set forth in this Confirmation Order are deemed to be conclusions of law, such findings of fact are confirmed as conclusions of law.

4. ***Commencement of Chapter 11 Case.*** This Chapter 11 case was commenced on April 26, 2010 (the "**Petition Date**"), the date on which the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. From the Petition Date, the Debtor has remained in possession of its assets and properties as debtor in possession.

5. ***Approval of Disclosure Statement.*** On August 1, 2010, the Debtor filed its Plan of Liquidation under Chapter 11 of the United States Bankruptcy Code (Document No. 229). On August 10, 2010, the Debtor filed its First Amended Plan of Liquidation under Chapter 11 of the United States Bankruptcy Code (Document No. 255) and its Disclosure Statement for the Debtor's First Amended Plan of Liquidation under Chapter 11 of the United States Bankruptcy Code (Document No. 256). On August 13,

2010, the Debtor filed its Second Amended Plan and its Disclosure Statement for the Debtor's Second Amended Plan. On August 16, 2010, the Court entered an amended order conditionally approving the Disclosure Statement, fixing the time for filing objections to the Disclosure Statement, fixing time to file applications for administrative expenses, setting hearing on confirmation of the Second Amended Plan and setting deadlines with respect to the Confirmation Hearing (the "**Disclosure Statement Order**") (Document No. 272). Based upon the Court's ruling at the Confirmation Hearing, the Court has determined that the Disclosure Statement, together with the letter of support of the Official Committee of Unsecured Creditors included with the solicitation package, meets the "adequate information" standards required by Section 1125 of the Code and that it is approved, subject to the following modifications:

(a) The following language that appears on the first page of the Disclosure Statement shall be revised as follows:

> THIS DISCLOSURE STATEMENT MAY NOT BE RELIED ON FOR ANY PURPOSE OTHER THAN TO DETERMINE HOW TO VOTE ON THE DEBTOR'S SECOND AMENDED PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AS OF AUGUST 13, 2010 AS AMENDED FROM TIME TO TIME (THE "AMENDED PLAN"). NOTHING CONTAINED HEREIN SHALL CONSTITUTE AN ADMISSION OF ANY FACT OR LIABILITY BY ANY PARTY OTHER THAN THE DEBTOR OR BE DEEMED CONCLUSIVE ADVICE ON THE TAX OR SECURITIES LAWS OR OTHER LEGAL EFFECTS OF THE AMENDED PLAN ON HOLDERS OF CLAIMS AGAINST OR EQUITY INTERESTS IN THE DEBTOR.

(b) The following language shall be added to footnote 3 of the Liquidation Analysis:

Ridge Clearing disputes the amounts asserted by the Debtor in this footnote.

6.    ***Transmittal of Solicitation Materials.***    Pursuant to the Disclosure Statement Order, copies of the Disclosure Statement, the Second Amended Plan, and the Disclosure Statement Order, together with a Ballot (collectively, the "**Solicitation Package**"), were mailed by the Debtors to all Creditors of the Debtors and to certain other parties in interest. Appropriate affidavits and certificates have been filed in the record regarding such service. Copies of the Solicitation Package were transmitted and served in substantial compliance with the Disclosure Statement Order, the Federal Rules of Bankruptcy Procedure including, without limitation, F.R.B.P. 3017(d), and the Local Rules of this Court, and such transmittal and service were adequate, sufficient and complied with due process.

7.    ***Adequacy of Notice.***    Timely and proper notice of the Confirmation Hearing and the time fixed for filing objections to and Ballots accepting or rejecting the Second Amended Plan was given to all appropriate Creditors and equity security holders and all parties in interest in accordance with orders of this Court. Such notice complied with due process and was adequate and sufficient to notify all appropriate Creditors and equity security holders and parties in interest of the Confirmation Hearing and the objection and voting deadlines as to the Second Amended Plan. Such notice also complied in all respects with the procedural orders of this Court, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, including without limitation F.R.B.P. 2002, 3018, 3019, and 9006, and the Local Rules of this Court, and otherwise satisfied the requirements of due process. Adequate and sufficient notice of the Confirmation Hearing and other deadlines was given in compliance with the Disclosure Statement Order, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

**8.** *Confirmation Affidavit*. On September 13, 2010, the Debtor filed with the Court the Debtor's Confirmation Affidavit and Memorandum in Support of Confirmation (Document No. 347), and on September 15, 2010, the Debtor filed with the Court a Notice of Filing Signed Confirmation Affidavit (Document No. 376). (collectively, the "**Confirmation Affidavit**"). The Confirmation Affidavit was signed by Frederick J. Kraus, President and Chief Financial Officer of the Debtor.

**9.** *Ballots.* On September 9, 2010, the Garden City Group, Inc., the noticing, balloting and claims agent for the Debtor pursuant to the Court's Order dated May 28, 2010 (Document No. 81) filed a Declaration of Jeffrey S. Stein of the Garden City Group, Inc. Certifying the Methodology for the Tabulation of Votes on and Results of Voting with Respect to the Debtor's Second Amended Plan of Liquidation (Document No. 340) reflecting the acceptances and rejections of each Class that voted to accept or reject the Second Amended Plan on or prior to the Voting Deadline, which reflected that Classes 4 and 5 had voted to accept the Second Amended Plan.

**10.** *Objections to Disclosure Statement, Second Amended Plan and Confirmation.* The following objections to Confirmation of the Plan were filed with the Court:

(a)     On September 10, 2010, the Official Committee of Unsecured Creditors filed a Limited Objection to and Request for Clarification of Debtor's Second Amended Plan of Liquidation and First Amended Disclosure Statement ("**Committee's Objection**") [Docket No. 338];

(b)     On September 13, 2010, Everest Indemnity Insurance Company filed its Objection to Confirmation of Debtor's Second Amended Plan of Liquidation ("**Everest's**

**Objection**") [Docket No. 342];

(c)     On September 13, 2010, Michael N. Kattawar filed his Objection to the Adequacy of the First Amended Disclosure Statement and Confirmation of the Second Amended Plan of Liquidation ("**Kattawar's Objection**") [Docket No. 343];

(d)     On September 13, 2010, Class Plaintiffs filed their Objection to Plan and Disclosure Statement ("**Plaintiffs' Objection**") [Docket No. 350];

(e)     On September 13, 2010, the United States Trustee filed its Objection to Approval of Debtor's First Amended Disclosure Statement and to Confirmation of the Debtor's Second Amended Plan of Liquidation ("**Trustee's Objection**") [Docket No. 351];

(f)     On September 13, 2010, Ridge Clearing & Outsourcing Solutions, Inc. filed its Objection to and Reservation of Rights in Connection with Debtor's Second Amended Plan of Liquidation and First Amended Disclosure Statement ("**Ridge's Objection**") [Docket No. 353];

(g)     On September 13, 2010, Certain Unsecured Creditors filed their Objections to Debtor's Second Amended Plan of Liquidation ("**Unsecured Creditors' Objection**") [Docket No. 357]; and

(h)     On September 14, 2010, the SEC filed its Limited Objection to Approval of the Debtor's First Amended Disclosure Statement and to Confirmation of the Debtor's Second Amended Plan of Liquidation ("**SEC's Objection**") [Docket No. 368].

At the Confirmation Hearing, the Debtor announced certain agreements that it had been able to reach with many of the parties who had filed objections, and announced certain amendments and clarifications to the Second Amended Plan set forth in

paragraphs 11 and 12 below. A number of the objections remained unresolved as of the date of the Confirmation Hearing, and certain of the objections were the subject of agreements and understandings that had been reached in principle among the Debtor and certain parties who had filed objections, the language of which still had to be agreed upon. The Court ruled that the Second Amended Plan is otherwise confirmable subject to the unresolved objections, and directed the Debtor and the parties who had filed objections to work cooperatively to address the objections and other concerns through the language of this Confirmation Order, reflecting both modifications and clarifications to the Second Amended Plan which would be, and are, contained in this Confirmation Order.

*11.    Amendments to the Second Amended Plan.*    As a result of the cooperative efforts of the Debtor, the Committee and the parties who filed objections to the Second Amended Plan, numerous modifications to the Second Amended Plan have been agreed to by the Debtor. Accordingly, the Second Amended Plan is modified as follows:

(a)    Article 2.1 of the Second Amended Plan is amended as follows with respect to the definitions of "Securities-Related Claimant" and "Securities-Related Claim", which shall read in their entirety as follows:

"Securities-Related Claimant" means the Holder of a Securities-Related Claim or a Person who would have been eligible to be the Holder of a Securities-Related Claim, regardless of whether a timely Proof of Claim was filed.

"Securities-Related Claim" means any Claim or demand now existing or hereafter arising, in the nature of or sounding in tort, contract, warranty, or under any other theory of law or equity, against the Debtor and any Affiliate of the Debtor, its predecessors, successors or assigns, or its present or former officers, directors,

authorized representatives, agents or employees, by a former customer of the Debtor arising out of, or related to the Debtor's business of buying and selling securities, provided, however, that any Claim that is not covered by a Securities-Related Insurance Policy is not a Securities-Related Claim for purposes of receiving distributions under Class 4 of the Amended Plan (but shall be subject to the Claims Resolution Process set forth in Article 9 of the Amended Plan). Most of the Securities-Related Claims against the Debtor have been brought as arbitrations pursuant to the rules of FINRA; however, the term Securities-Related Claim includes any such Claim.

(b) Article 5.4 of the Second Amended Plan is amended and restated in its entirety as follows:

**Class 3:  Other Secured Claims.**

Each Holder of an Allowed Other Secured Claim shall receive one of the following at the Debtor or the Liquidating Agent's sole option:  (a) the Debtor or the Liquidating Estate shall surrender all collateral securing such Claim to the Holder thereof, in full satisfaction of such Holder's Allowed Class 3 Claim, without representation or warranty by, or recourse against, the Debtor or the Liquidating Estate except as set forth herein, or (b) such Holder shall receive the proceeds from the sale of such Holder's Collateral.  Any portion of an Allowed Other Secured Claim which remains unpaid after application of the proceeds of the sale of such Holder's Collateral by the Liquidating Agent or the Holder shall be treated as an Allowed Class 5 General Unsecured Claim.

(c) Article 7.1 of the Second Amended Plan is amended and restated in its entirety as follows:

**Rejection of Executory Contracts and Unexpired Leases.**

Pursuant to Sections 365 and 1123(b)(2) of the Bankruptcy Code, all executory contracts and unexpired leases that exist between the Debtor and another Person or Entity shall be deemed rejected by the Debtor as of the Confirmation Date (collectively, the "Rejected Contracts"), unless:  (a) there is pending before the Bankruptcy Court on the Confirmation Date a motion to assume any executory contract or unexpired lease; or (b) an order was entered by the Bankruptcy Court prior to the Confirmation Date in connection with a motion to assume and/or reject any executory contract or

unexpired lease, in which case the terms of such order shall govern.

(d)     Article 7.2 of the Second Amended Plan is amended and restated in

its entirety as follows:

### Approval of Rejection of Executory Contracts and Unexpired Leases.

Entry of the Confirmation Order shall, subject to and upon the occurrence of the Effective Date, constitute the approval, pursuant to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code, of the rejection of the executory contracts and unexpired leases rejected pursuant to Article 7 of the Amended Plan.  Nothing in the Amended Plan, including but not limited to this Article 7.2, shall impact in any way the Bankruptcy Court's Order dated August 10, 2010 (Document No. 251), which Order shall remain in full force and effect.

(e)     Article 7.4 of the Second Amended Plan is amended and restated in

its entirety as follows:

### Insurance Policies.

Nothing contained in the Amended Plan (including this Article 7) shall constitute or be deemed a waiver of any Cause of Action that the Debtor may hold against any Entity, including, without limitation, the insurer under any of the Debtor's Insurance Policies, the Securities-Related Insurance Policies or under any directors' and officers' insurance policies, and nothing contained in this Article 7 shall be deemed to constitute a rejection of any of the Debtor's Insurance Policies or of any of the Securities-Related Insurance Policies.  Notwithstanding anything in the Amended Plan, the Confirmation Order, the Claims Resolution By-Laws, or any other documents related thereto, including any provision that purports to be preemptory or supervening, (i) on and after the Effective Date, any and all rights, whether contractual, legal or equitable, of any Securities-Related Insurance Company, the Liquidating Agent, the Liquidating Estate or any Securities-Related Claimant under any Insurance Policies issued by such Securities-Related Insurance Company shall remain valid and enforceable in accordance with the terms of such insurance policies and applicable law and shall not be impaired or affected in any way, and (ii) no person or entity asserting rights or seeking

coverage under any such insurance policies is being released or excused from any duties or obligations they may have under such Insurance Policies and applicable law, including but not limited to the satisfaction of any applicable deductibles and self-insured retentions. All rights and obligations, if any, of the Debtor, the Liquidating Estate, the Liquidating Agent and the Securities-Related Insurance Companies related to or under any such Insurance Policies are expressly assumed and reinstated.

(f)     Article 8.1 of the Second Amended Plan is amended and restated in

its entirety as follows:

### General Overview of Amended Plan and Insurance Settlements; Carve-Out for General Unsecured Creditors from Securities-Related Insurance Recoveries.

This Amended Plan is a liquidating plan that calls for the liquidation of the Assets of the Debtor. On the Effective Date of the Amended Plan, all of the Equity Interests in the Debtor shall be deemed cancelled, annulled, extinguished and surrendered without any further action by any party and shall be of no further force and effect, and the Liquidating Agent and a Claims Resolution Arbitrator shall be appointed to implement the terms of the Amended Plan with respect to the Liquidating Estate and the Claims Resolution Process, as set forth in Articles 8 and 9 of the Amended Plan. The Debtor may enter into one or more Securities-Related Insurance Settlement Agreements prior to Confirmation which ~~may then be filed with~~ the Bankruptcy Court subject to the notice and hearing requirements of the Bankruptcy Code and the Bankruptcy Rules. After Confirmation, the Liquidating Agent will be empowered to pursue and structure Securities-Related Insurance Settlement Agreements (which will also be subject to the approval of the Bankruptcy Court subject to the notice and hearing requirements of the Bankruptcy Code and the Bankruptcy Rules) with a Securities-Related Insurance Company, which may include releases and Channeling Injunctions to the Securities-Related Insurance Companies and Protected Parties, and may seek to allocate the Securities-Related Insurance Recoveries between the Allowed Class 4 Securities-Related Claims with respect to which such Securities-Related Insurance Recoveries relate and Class 5 General Unsecured Claims; provided however, that (i) all reasonable expenses of the Claims Resolution Arbitrator and (ii) at least ten percent of such Securities-Related Insurance Recoveries shall be retained by the Liquidating Estate and shall be available to pay Allowed Class 5 General Unsecured Claims (the "**Carve-**

*[handwritten margin note: Then must be submitted to and approved through entry of a Final Order by]*

**Out**"). All rights and objections of (i) any Creditor, (ii) any individual or entity who is an insured or who asserts rights or claims to be an insured under a Securities-Related Insurance Policy, (iii) any party in interest with respect to any such Securities-Related Insurance Settlement Agreement (including, without limitation, any proposed releases, Channeling Injunctions or the Carve-Out) or (iv) any Securities-Related Claimant are expressly preserved until such time as the Bankruptcy Court has approved the Securities-Related Insurance Settlement Agreement. Upon approval, the terms of the Order approving any Securities-Related Insurance Settlement Agreement will, TO THE EXTENT PROVIDED IN SUCH ORDER, bind all (i) Creditors, (ii) individuals or entities who are insureds or who assert rights or claims to be an insured under a Securities-Related Insurance Policy, (iii) parties in interest with respect to any such Securities-Related Insurance Settlement Agreement and (iv) all Securities-Related Claimants.

(g)      Articles 11.1.2.1 and 11.1.2.2 of the Second Amended Plan

are hereby deleted in their entirety and replaced with the following notation:

[Intentionally left blank].

(h)      Article 11.1.2.3 of the Second Amended Plan is amended and restated in its entirety as follows:

11.1.2.3.    After Confirmation, each Securities-Related Insurance Settlement Agreement of a Settling Securities-Related Insurance Company and each Final Order of the Bankruptcy Court or District Court, as applicable, approving such Settlement Agreements shall be binding upon and inure to the benefit of the Debtor, the Liquidating Agent, the Liquidating Estate, the Settling Securities-Related Insurance Company and Protected Parties to the extent set forth in such Final Order; and

(i) Article 11.1.2.4 of the Second Amended Plan is amended and restated in its entirety as follows:

11.1.2.4.      After Confirmation and except as provided in any Order approving a Securities-Related Insurance Settlement Agreement, neither the Liquidating Agent, the Claims Resolution Arbitrator, the Oversight Committee nor any Securities-Related Claimant, nor any person or entity who is an insured or asserts rights to insurance under any insurance policy issued by a Settling

Securites-Related Insurance Company, shall seek to terminate, reduce or limit the scope of the Channeling Injunction or any other injunction contained in the Amended Plan or in any Order approving a Securities-Related Insurance Settlement Agreement that inures to the benefit of any Settling Securities-Related Insurance Company or Protected Party unless the Settling Securities-Related Insurance Company fails to fully perform its obligations under the Securities-Related Insurance Settlement Agreement.

(j)     Article 12.1 of the Second Amended Plan is amended and restated in its entirety as follows:

**Exculpation from Liability.**

**The Committee and its Professionals and Soneet Kapila as the court appointed examiner (acting in such capacity) and his Professionals shall neither have nor incur any liability whatsoever to any Person or Entity for any act taken or omitted to be taken in good faith in connection with or related to the formulation, preparation or dissemination of the Amended Plan, the Disclosure Statement, any Amended Plan Document, or any contract, instrument, release, or other agreement or document created or entered into, or any other act taken or omitted to be taken, in connection with the Amended Plan or the Liquidation Case. The rights granted under this Article are cumulative with (and not restrictive of) any and all rights, remedies, and benefits that the Committee and its Professionals and Soneet Kapila as the court appointed examiner and his Professionals have or obtain pursuant to any provision of the Bankruptcy Code or other applicable law. This exculpation from liability provision is an integral part of the Amended Plan and is essential to its implementation. Notwithstanding anything to the contrary contained herein, the provisions of this Article shall not release or be deemed a release of any of the Causes of Action.**

(k)     Article 12.2 of the Second Amended Plan is amended and restated in its entirety as follows:

**Releases by Securities-Related Claimants.**

Only to the extent provided by the terms of any Securities-Related Insurance Settlement Agreement approved by the Bankruptcy Court after notice and hearing (which may include or incorporate

by reference release(s) for the benefit of any Settling Securities-Related Insurance Company and Protected Parties consistent with the terms of this Article 12), effective as of the date that the order approving the Securities-Related Insurance Settlement Agreement becomes a Final Order and the Settling Securities-Related Insurance Company performs its obligations under such agreement, any Securities-Related Claimant who is, claims to be or may become entitled to receive on account of its Class 4 Securities Related Claim a distribution from the Securities-Related Insurance Recoveries obtained under such agreement, or who has or claims any rights to proceeds under any Securities-Related Insurance Policy, shall be deemed to have unconditionally released the Committee, the Liquidating Estate, the Liquidating Agent, the Oversight Committee, the Claims Resolution Arbitrator, and the applicable Settling Securities-Related Insurance Company and Protected Party from any and all Securities-Related Claims, Claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, arising from, relating to, or involving the purchase or sale of securities through the Debtor or any of its registered representatives, including without limitation, any operation claims, contribution claims, direct action claims, and insurance coverage claims. In addition, it is anticipated that other parties who may be subject to Securities-Related Claims may be released by the Bankruptcy Court ~~in exchange for a contribution in an amount to be~~ *upon terms and conditions* approved by the Bankruptcy Court ~~from such party~~ after notice and a hearing. *[handwritten initials]*

(l)     Article 12.3 of the Second Amended Plan is amended and restated

in its entirety as follows:

### Securities Related-Claims Channeling Injunction.

**Only to the extent provided by the terms of a Securities-Related Insurance Settlement Agreement approved by the Bankruptcy Court after notice and a hearing (which may include or incorporate such terms by reference to this Article 12.3 of the Amended Plan), all Class 4 Securities-Related Claims with respect to which a Securities-Related Insurance Settlement Agreement has been reached between the Debtor and a Securities-Related Insurance Company shall be channeled to and shall attach to the applicable Securities-Related Insurance Recovery in respect of that Securities-Related Insurance Settlement Agreement and the sole and**

**exclusive recourse of a Securities-Related Claimant on account of a Securities-Related Claim may be limited to any applicable Securities-Related Insurance Recoveries and the Liquidating Estate. To the extent provided in a Securities-Related Insurance Settlement Agreement approved by the Bankruptcy Court after notice and a hearing, the sole and exclusive recourse of a Securities-Related Claimant on account of such Securities-Related Claim shall be to any applicable Securities-Related Insurance Recoveries and the Liquidating Estate. To the extent provided in a Securities-Related Insurance Settlement Agreement approved by the Bankruptcy Court after notice and a hearing, the Channeling Injunction may be expanded to prevent such Securities-Related Claimants from bringing claims against other parties who may be subject, along with the Debtor, to Securities-Related Claims in exchange for a contribution in an amount to be approved by the Bankruptcy Court from such party after notice and a hearing.**

**Without limiting the foregoing, and only to the extent provided by the terms of a Securities-Related Insurance Settlement Agreement approved by the Bankruptcy Court after notice and a hearing (which may include or incorporate such terms by reference to this Article 12.3 of the Amended Plan), this Channeling Injunction shall apply to all Holders of Securities-Related Claims with respect to which a Securities-Related Settlement Agreement has been entered into and approved by the Bankruptcy Court subject to the notice and hearing requirement of the Bankruptcy Code and the Bankruptcy Rules, and all such Holders shall be permanently and forever stayed, restrained, and enjoined from taking any of the following actions for the purpose of, directly or indirectly, collecting, recovering, or receiving payment of, on, or with respect to any Securities-Related Claim, other than from the Securities-Related Insurance Recoveries and the Liquidating Estate in accordance with the Channeling Injunction and pursuant to the Amended Plan and the Claims Resolution By-Laws:**

**12.3.1.          Commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding (including a judicial, arbitration, administrative, or other proceeding) in any forum against or affecting any Protected Party or any property or interests in property of any Protected Party;**

**12.3.2.    Enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any means or in any manner, whether directly or indirectly, any judgment, award, decree, or other order against any Protected Party or any property or interests in property of any Protected Party;**

**12.3.3.    Creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance against any Protected Party, or any property or interests in property of any Protected Party;**

**12.3.4.    Setting off, seeking reimbursement of, contribution from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to any Protected Party or any property or interest in property of any Protected Party; and**

**12.3.5.    Proceeding in any manner in any place with regard to any matter that is subject to resolution pursuant to the Claims Resolution Process, except in conformity and compliance with the Amended Plan and the Claims Resolution By-Laws.**

**Except as otherwise expressly provided in the Amended Plan, nothing contained in the Amended Plan shall constitute or be deemed a waiver of any claim, right or cause of action that the Debtor or the Liquidating Agent may have against any Entity in connection with or arising out of or related to a Securities-Related Claim.**

(m)    Article 12.7 of the Second Amended Plan is amended and restated

in its entirety as follows:

**Indemnification Obligations.**

All Indemnification Rights shall be released and deemed cancelled on and as of the Effective Date except as otherwise expressly provided in the Amended Plan or in any Amended Plan Document; provided, however, that Ridge Clearing and Outsourcing Solutions, Inc. ("Ridge") shall not be prohibited from asserting a Claim against the Debtor for indemnification pursuant to the Fully Disclosed Clearing Agreement (the "Clearing Agreement"), as amended, subject to the Debtor's and the Liquidating Agent's right

to object to any claim by Ridge based upon such Indemnification Rights.

(n)     The Second Amended Plan is amended to include new Article 12.8,

as follows:

**Insurance Neutrality.**

Unless otherwise expressly agreed to by a Securities-Related Insurance Company in writing or pursuant to a Securities-Related Insurance Settlement Agreement, notwithstanding any provision in the Amended Plan, the Confirmation Order, the Claims Resolution By-Laws, or any other documents related thereto, including any provision that purports to be preemptory or supervening, nothing contained in any such documents and no actions taken pursuant to the Claims Resolution Process shall, with respect to any Insurance Policy issued by any Securities-Related Insurance Company (a) impose, or be deemed or construed to impose, any obligation on any insurance company to provide a defense for, pay defense costs, settle, or pay any settlement or judgment with respect to, any claim or liability or (b) have the effect of impairing any insurance company's, the Liquidating Agent's, the Liquidating Estate's, or any Securities-Related Claimant's legal, equitable, or contractual rights in any respect; rather, an insurance company's obligations, if any, with respect to any claim or liability shall be determined solely by and in accordance with such Insurance Policies and applicable law.   Except to the extent provided in an Order approving a Securities-Related Insurance Settlement Agreement or unless otherwise expressly agreed to by a Securities-Related Insurance Company in writing, nothing in the Amended Plan, the Confirmation Order, the Claims Resolution By-Laws, any other documents related thereto (including any provision that purports to be preemptory or supervening and including any other judgment, order, finding of fact, conclusion of law, determination or statement made by the Bankruptcy Court or the District Court having jurisdiction over this Bankruptcy Case) and no actions taken pursuant to the Claims Resolution Process shall, with respect to any Insurance Policy issued by any Securities-Related Insurance Company, diminish or impair, or be deemed to diminish or impair, the rights of any Insurance Company to assert:  any defense, right, or claim, including but not limited to, any claim for deductibles, self-insured retentions, retrospective premiums, or any other premium or similar obligation of any kind; any claim for contribution, indemnification, or subrogation; or any setoff, recoupment, or counterclaim arising out of or relating to any such

Insurance Policies. Similarly, no actions taken pursuant to the Claims Resolution Process shall, with respect to any Insurance Policy issued by any Securities-Related Insurance Company, diminish or impair, or be deemed to diminish or impair, the rights of any Securities-Related Claimant or the Liquidating Agent or the Liquidating Estate.

No insurance company or any other party (including the Liquidating Agent, the Liquidating Estate and the Securities-Related Claimants) shall be bound in any current or future litigation, action or proceeding concerning any Claim or any Insurance Policy by (i) any provision of the Amended Plan, (ii) any actions taken or not taken pursuant to the Claims Resolution By-Laws or Claims Resolution Process, or (iii) any orders, including the Confirmation Order, judgments, determinations, factual findings, or conclusions of law or other statements made in connection with confirmation of the Amended Plan (including on appeal or in any subsequent proceeding necessary to effectuate the Amended Plan), and none of the foregoing shall:

(a) be admissible, used as evidence, referenced, or argued as persuasive to the case or rights of the Insurance Company, the Debtor, the Liquidating Estate, the Liquidating Agent, or any claimant in any action or proceeding relating to insurance coverage or any Insurance Policy; or

(b) have any res judicata, collateral estoppel, or other preclusive or binding effect on any claim, defense, right, or counterclaim of any Insurance Company that has been asserted or that may be asserted in any current or subsequent litigation concerning any Claim or any Insurance Policy.

(o)     Article 15.11 of the Second Amended Plan is amended and restated

in its entirety as follows:

**Setoffs.**

Subject to the limitations provided in Section 553 of the Bankruptcy Code, the Liquidating Agent may, but shall not be required to, set off against any Claim and the payments or other distributions to be made pursuant to the Amended Plan in respect of such Claim, claims of any nature whatsoever the Debtor or the Liquidating Agent may have against the Holder of such Claim, but neither the failure to do so nor the allowance of any Claim

hereunder shall constitute a waiver or release by the Liquidating Agent of any such claim that the Debtor or the Liquidating Agent may have against the Holder of such Claim. Any and all netting and setoff rights of Ridge pursuant to the Bankruptcy Code, the Clearing Agreement and/or applicable nonbankruptcy law are expressly reserved and nothing in the Amended Plan or the Confirmation Order shall affect those rights. The Debtor and the Liquidating Agent reserve the right to assert any and all defenses to and/or bases for objecting to any Ridge claims, and any other Claims, including but not limited to equitable subordination, that the claims for set off are not mutual or contractually authorized, or that the claims are invalid in whole or in part by other applicable law, including laches or waiver. The Debtor and the Liquidating Agent further reserve the right to request a surcharge from or sanctions against the claimant for costs or fees in connection with an alleged failure to turn over property of the Debtor or for preservation of records. The Debtor, the Liquidating Estate, the Liquidating Agent, and Ridge further reserve the right to dispute, on any basis, any such defenses, claims, rights and allegations asserted by any party, including but not limited to the right to request sanctions against any other party pursuant to Bankruptcy Rule 9011 or otherwise, as well as the right to dispute any request for sanctions asserted against them by any other party.

**12. Clarifications with Respect to Second Amended Plan and this Confirmation Order.** The following shall clarify the Second Amended Plan and this Confirmation Order:

(a) Nothing in the Second Amended Plan or the Confirmation Order shall (a) limit or impair the Liquidating Agent's ability to negotiate or agree to the terms of any Securities-Related Insurance Settlement Agreement, or (b) preclude the Liquidating Agent from entering into such an agreement (i) without a Channeling Injunction or release provision, or (ii) with a Channeling Injunction or release provision that is different from the provisions of Articles 12.2 and 12.3 of the Second Amended Plan;

(b) Notwithstanding any provision in the Second Amended Plan or the Confirmation Order to the contrary, all rights and objections (including relating to the

Bankruptcy Court's jurisdiction) with respect to any Securities-Related Insurance Company, any Securities-Related Insurance Policy, or any Securities-Related Insurance Settlement Agreement that has not been approved by the Bankruptcy Court as of the Confirmation Date, including without limitation, any Channeling Injunction or release sought in connection with such a settlement, are hereby preserved notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date;

(c)     Nothing in the Second Amended Plan or the Confirmation Order shall preclude the United States Securities and Exchange Commission from commencing or continuing any investigation or taking any action against the Debtor or any other person or entity in any nonbankruptcy forum, and the United States Securities and Exchange Commission shall not be deemed to have consented to the jurisdiction of the Bankruptcy Court by the entry of an appearance in the Liquidating Case;

(d)     Nothing in the Second Amended Plan, including Article 13 and Article 15.10, or the Confirmation Order shall be determinative of the Bankruptcy Court's jurisdiction over claims against nondebtors by holders of the Securities-Related Claims, and all rights of the Securities-Related Claimants and other parties-in-interest to challenge any exercise of jurisdiction by the Bankruptcy Court over their claims against nondebtors are preserved and shall not be deemed waived by failure to object to the confirmation of the Second Amended Plan.  Any subsequent determination of jurisdiction by the Bankruptcy Court as part of approval of any Securities-Related Insurance Settlement Agreement shall be binding in accordance with applicable law;

(e)     Nothing in the Second Amended Plan, including Article 13 and Article 15.10, or the Confirmation Order shall be determinative of the Bankruptcy Court's

jurisdiction over any Securities-Related Insurance Company with respect to any issue, and the rights of any Securities-Related Insurance Company to challenge the exercise of jurisdiction by the Bankruptcy Court with respect to any issue are fully preserved and shall not be deemed waived.

(f)     Subject to the terms of any Securities-Related Insurance Settlement Agreement approved by the Bankruptcy Court and the exculpation of liability in Article 12.1, nothing in the Second Amended Plan or this Confirmation Order shall enjoin or bar a party from asserting, prosecuting, or seeking recovery for claims against any non-debtor;

(g)     The Agreement for Services dated April 21, 2010 between the Debtor and Debbie Williams is rejected as of the date of Confirmation of the Second Amended Plan;

(h)     Notwithstanding any provision in the Second Amended Plan (including, without limitation, Article 12.1 of the Amended Plan) or Confirmation Order to the contrary, no claim or cause of action which has been investigated by the examiner, or that may arise from his continued investigations as Liquidating Agent, shall be released, waived or discharged, and all such claims and causes of action are preserved;

(i)     The time to file objections to claims pursuant to Section 10.1.1 of the Second Amended Plan is extended from 90 days to six months, with discretion on the part of the Liquidating Agent to request a further extension if necessary;

(j)     Notwithstanding any provision in the Second Amended Plan or Confirmation Order to the contrary, the Claims Resolution Process set forth in Article 9.5 of the Second Amended Plan shall not apply to the *Capewell* Arbitration Claimants so

that the parties may avoid the need to re-litigate those claims in this Bankruptcy Case.[1] Rather, the decision of the FINRA arbitration panel in the *Capewell* matter shall substitute for the Claims Resolution Process in all respects, such that, for purposes of distribution under the Second Amended Plan, (a) the decision of the FINRA panel shall be final, binding and conclusive herein in terms of both (i) whether the particular claim is to be Allowed, and (ii) the amount of the damages award(s), if any, and irrespective of type or amount, and, as a result, (b) the *Capewell* Arbitration Claimants shall not be subject to the rights or obligations applicable to the other Securities-Related Claimants under Article 9.5 of the Second Amended Plan to have their claims estimated by the Bankruptcy Court or determined by the Claims Resolution Arbitrator for purposes of distribution under the Second Amended Plan. This provisions will not affect any rights the *Capewell* Claimants may have other than as against the Debtor;

(k) Notwithstanding anything in the Second Amended Plan or Confirmation Order to the contrary, the resolution of Securities-Related Claims with respect to the Claims Resolution Process pursuant to Section 9.5 of the Second Amended Plan is an estimation only and will be solely for purposes of distribution under the Second Amended Plan. Neither any estimation nor any distribution is a determination of liability of the Liquidating Estate or any insured for purposes of insurance coverage or under any Securities-Related Insurance Policy. Evidence of any distribution or estimation, including the amount of any claims estimated or paid, shall not be admissible or argued as persuasive evidence in any other arbitration or judicial proceeding;

---

[1] The "Capewell Arbitration Claimants" are those creditors whose motion for stay relief was granted in part by this Court's Order dated May 18, 2010 (Document No. 65), and are hereby identified as Katherine and William Capewell, Nina Belasco Craig, Rosalie Dalesio, Robert and Dorothy Heck, Elizabeth Navarra, Randall and MaryEllen Schell, James and Dorothy Visconti, Josephine Liberta, Paul and Angela Ortman, and Steven and Shirley Kulchinsky.

(l)     Notwithstanding anything in the Second Amended Plan or Confirmation Order to the contrary, no Securities-Related Insurance Settlement Agreements are approved solely as a result of the confirmation of the Second Amended Plan or the entry of this Confirmation Order, and the right of any Creditor and/or party-in-interest to challenge the approval of any Securities-Related Insurance Settlement Agreements are expressly preserved;

(m)     Notwithstanding anything in the Second Amended Plan or Confirmation Order to the contrary, no third party nondebtor releases are approved solely as a result of the confirmation of the Second Amended Plan or the entry of this Confirmation Order and the right of any Creditor or party-in-interest to challenge any third-party releases are expressly preserved;

(n)     Notwithstanding anything in the Second Amended Plan or Confirmation Order to the contrary, absent an express order of the Bankruptcy Court in addition to this Confirmation Order, no arbitration or judicial proceeding against any party other than the Debtor is stayed or enjoined by the Second Amended Plan or the entry of this Confirmation Order, and any insurance company having the right or obligation under any Insurance Policy to defend or take any other action with respect to any such arbitration or judicial proceedings shall be permitted to so defend or take such actions in accordance with the terms of such Insurance Policies and applicable law;

(o)     Notwithstanding anything in the Second Amended Plan or Confirmation Order to the contrary, the rights of a creditor or other party in interest to seek to withdraw the reference pursuant to 28 U.S.C. §157 are fully preserved; and

(p)       Notwithstanding anything in the Second Amended Plan or Confirmation Order to the contrary, the deadline set forth in Local Rule 3020-1(c) for the Debtor to file all adversary proceedings or contested matters within thirty (30) days after the entry of this Confirmation Order shall be waived.

**13.       *Judicial Notice of Record.*** In connection with Confirmation of the Second Amended Plan, the Court takes judicial notice of the record in this case, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of this case.

**14.       *Oral Findings of Fact Incorporated.*** All oral findings of fact and conclusions of law reached by the Court at the Confirmation Hearing are incorporated by reference and are made a part of this Confirmation Order, in accordance with F.R.B.P. 7052(a).

**15.       *Benefit to Creditors.*** The Second Amended Plan, as modified by this Confirmation Order, the statements of counsel, and the entire record reveal that the transactions contemplated by the Second Amended Plan will provide benefit to Creditors.

**16.       *Compliance with Sections 1122 and 1123.*** The Second Amended Plan as modified by this Confirmation Order, complies with each of the applicable provisions of Title 11 of the United States Code including, without limitation, the provisions of Sections 1122 and 1123 of the Bankruptcy Code.

**17.       *Compliance with Sections 1125 and 1126.*** The Debtor has complied with the disclosure and solicitation requirements of Sections 1125 and 1126 of the Bankruptcy Code.  Further, the Disclosure Statement and the Second Amended Plan as modified by

this Confirmation Order contain adequate information for purposes of Section 1125, and no further disclosure is required by the Debtor in connection with the Second Amended Plan. The Debtor has acted in good faith and complied in all respects with Section 1125 of the Bankruptcy Code; F.R.B.P. 3017, 3018, and 3019; all procedural orders of this Court; all other applicable provisions of the Bankruptcy Code; and all other applicable laws, rules, and regulations.

18. ***Plan Compliance with Bankruptcy Code.*** The Second Amended Plan as modified by this Confirmation Order complies with all applicable provisions of the Bankruptcy Code, satisfying Section 1129(a)(1) of the Bankruptcy Code.

19. ***Compliance with Bankruptcy Code.*** The Debtor is the proper proponent of the Second Amended Plan under Section 1121(a) of the Bankruptcy Code. The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Second Amended Plan, the Disclosure Statement, the Ballot, and related documents and notices, and in soliciting and tabulating votes on the Second Amended Plan. The Debtor, as the proponent of the Second Amended Plan, therefore has complied with the applicable provisions of Title 11 of the United States Code, satisfying Section 1129(a)(2) of the Bankruptcy Code.

20. ***Plan Proposed in Good Faith.*** The Debtor has proposed the Second Amended Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code. In determining that the Second Amended Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of this Chapter 11 case and the formulation of the Second Amended Plan. This Chapter 11 case was filed, and the Second Amended Plan

was proposed, with the legitimate and honest purpose of maximizing the value of the Debtor's assets and the recovery to Creditors under the circumstances of this Chapter 11 case.

21.     ***Payments for Services.***  Any payment made or to be made by the Debtor for services or for costs and expenses in connection with this Chapter 11 case, including all Administrative Expense Claims under Section 503 of the Bankruptcy Code, or in connection with the Second Amended Plan and incident to this Chapter 11 case, has been approved by, or is subject to the approval of, the Court as reasonable, satisfying Section 1129(a)(4) of the Bankruptcy Code.

22.     ***Directors and Officers of the Debtor.***  Section 1129(a)(5) of the Bankruptcy Code is satisfied because the Second Amended Plan provides that all of the directors and officers of the Debtor shall resign as of the Effective Date of the Second Amended Plan, and that Soneet Kapila shall serve as the Liquidating Agent from and after the Effective Date of the Second Amended Plan.

23.     ***No Government Regulation of Rates.***  Section 1129(a)(6) of the Bankruptcy Code is satisfied because the business of the Debtor is not subject to governmental regulation of rates.

24.     ***Best Interest of Creditors.***  The liquidation analysis filed with the Disclosure Statement, together with the evidence proffered at the Confirmation Hearing, (a) are persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered; (b) either have not been controverted by other persuasive evidence or have not been challenged; (c) are based upon reasonable and sound assumptions; (d) provide a reasonable estimate of the liquidation value of the Debtor

upon a hypothetical conversion to cases under Chapter 7 of the Bankruptcy Code; and (e) establish that each Holder of a Claim in an Impaired Class that has not accepted the Second Amended Plan will receive or retain under the Second Amended Plan, on account of such Claim, property of a value, as of the Effective Date of the Second Amended Plan, that is not less than the amount that such Holder would receive if the Debtor hypothetically was liquidated under Chapter 7 of the Bankruptcy Code on such date.  The Second Amended Plan, therefore, satisfies Section 1129(a)(7) of the Bankruptcy Code.

*25.  Unimpaired Classes.*  Classes 1, 2 and 3 collectively, the "**Unimpaired Classes**") are unimpaired under the Second Amended Plan as the term "unimpaired" is defined in Section 1124 of the Bankruptcy Code.  Accordingly, the Unimpaired Classes are deemed to have accepted the Second Amended Plan as modified by this Confirmation Order and are not entitled to vote on the Second Amended Plan.

*26.  Impaired Classes.*  Classes 4, 5 and 6 (collectively, the "**Impaired Classes**") are impaired under the Second Amended Plan, as the term "impaired" is defined in Section 1124 of the Bankruptcy Code.  Classes 4 and 5 were entitled to submit votes to accept or reject the Second Amended Plan.  Class 6 represents Equity Interests in the Debtor.  On the Effective Date, the Equity Interests in the Debtor shall be cancelled, and the Holders of Class 6 Equity Interests in the Debtor are not receiving any distribution or retaining any interests or rights under the Second Amended Plan.  Accordingly, they are deemed to have rejected the Second Amended Plan pursuant to Section 1126(g) of the Bankruptcy Code and their votes were not solicited by the Debtors.

*27.  Accepting Impaired Classes.*  Classes 4 and 5 voted to accept the Second

Amended Plan as set forth in the Declaration of Jeffrey S. Stein Regarding the Methodology for the Tabulation of Votes and on Results of Voting with Respect to the Debtor's Second Amended Plan of Liquidation.  As a result, at least one Impaired Class has voted to accept the Second Amended Plan, determined without including any acceptance of the Second Amended Plan by any insider, satisfying the requirement of Section 1129(a)(10) of the Bankruptcy Code.

28. ***Acceptance and Deemed Acceptance.***  With respect to each Impaired Class of Claims, each Holder of a Claim of such Class (a) has accepted the Second Amended Plan or (b) will receive or retain under the Second Amended Plan on account of such Claim property of a value, as of the Effective Date of the Second Amended Plan, that is not less than the amount that such Holder would so receive or retain if the Debtor had filed for relief under Chapter 7 of Title 11 of the United States Code on the Petition Date.  The Second Amended Plan has been accepted or is deemed accepted by all Impaired Classes entitled to vote on the Second Amended Plan satisfying the requirements of Section 1129(a)(8) of the Bankruptcy Code.

29. ***Treatment of Administrative Expense Claims, Priority Tax Claims, and Priority Claims.***  The treatment of Administrative Expense Claims and Priority Claims under the Second Amended Plan satisfies the requirements of subparagraphs (A) and (B) of Section 1129(a)(9) of the Bankruptcy Code, respectively.  The treatment of Priority Tax Claims under the Second Amended Plan satisfies subparagraph (C) of Section 1129(a)(9).

30. ***Administrative Expense Claims***.  The Second Amended Plan provides that each Holder of an Allowed Administrative Expense Claim shall be paid (a) on the

Distribution Date, an amount, in Cash equal to the Allowed Amount of its Administrative Expense Claim, in accordance with Section 1129(a)(9)(A) of the Bankruptcy Code, or (b) under such other terms as may be agreed upon by both the Holder of such Allowed Administrative Expense Claim and the Liquidating Agent, or (c) as otherwise ordered by a Final Order of the Bankruptcy Court.  On the Distribution Date, the Administrative Expense Claims of Soneet R. Kapila, Examiner and Oscher Consulting, P.A., as forensic accountant for the Committee, will be paid in full.  The following professionals have agreed that thirty percent (30%) of their Administrative Expense Claims will be paid on October 31, 2010, with the remainder to be deferred and  paid pro rata when funds become available:  Stichter, Riedel, Blain & Prosser, counsel for the Debtor; Wiand Guerra King PL, Special Regulatory Counsel for the Debtor; Trenam Kemker, counsel for the Committee; and Kapila & Co., accountants for the Examiner.  In addition, the Committee and the Debtor have filed Objections to the following Administrative Expense Claims:  Claim Nos. 119 and 640 of Automated Securities Clearance LLC d/b/a SunGard Trading Systems (Document No. 369), Broadridge Securities Processing Solutions, Inc. (Document No. 370 and 373), Investigo Corporation (Document No. 371), Ridge Clearing & Outsourcing Solutions, Inc. (Document No. 344 and 372).  Sufficient funds have been held back to satisfy the Administrative Expense Claims with respect to which Objections have been filed when those Objections have been resolved pursuant to (b) or (c) above.

*31.* ***Priority Claims.***  The Second Amended Plan provides that, with respect to a Claim of a kind specified in paragraphs (3) through (7) of Section 507(a) of the Code, each Holder of such a Claim shall be paid (a) on the Distribution Date, an amount, in

Cash, equal to the Allowed Amount of its Priority Claim, in accordance with Section 1129(a)(9)(B) of the Bankruptcy Code, (b) under such other terms as may be agreed upon by both the Holder of such Allowed Priority Claim and the Liquidating Agent, or (c) as otherwise ordered by a Final Order of the Bankruptcy Court.

32. **Feasibility.** The Second Amended Plan satisfies Section 1129(a)(11) of the Bankruptcy Code. The Confirmation Affidavit and proffers made at the Confirmation Hearing (a) are persuasive, credible, and accurate as of the dates prepared, presented, or proffered; (b) either have not been controverted by other persuasive evidence or have not been challenged; (c) are based upon reasonable and sound assumptions; and (d) establish that the Second Amended Plan is feasible.

33. **Appointment of Liquidating Agent.** On the Effective Date, Soneet Kapila shall be appointed the initial Liquidating Agent pursuant to Article 8.5 of the Second Amended Plan.

34. **Appointment of Claims Resolution Arbitrator.** On the Effective Date, David Lichter shall be appointed the initial Claims Resolution Arbitrator pursuant to Article 9.4 of the Second Amended Plan.

35. **Appointment of Oversight Committee.** On the Effective Date, Ralph Horst, Robert Cornish and Thomas Porter shall be appointed the initial members of the Oversight Committee pursuant to Article 8.6 of the Second Amended Plan.

36. **Dissolution and Discharge of Committee.** On the Effective Date, the Committee shall be automatically dissolved and discharged without any further action by any party.

37. ***Discharge of Examiner.*** The Court hereby finds that Soneet Kapila, the court-appointed examiner, has fulfilled his duties and is discharged.

38. ***Payment of Fees.*** To the extent that all fees payable to the United States Trustee under 28 U.S.C. §1930(a)(6) have not been paid, the Second Amended Plan and this Confirmation Order provides for the payment of all such fees due on the Effective Date of the Second Amended Plan and as they come due after the Effective Date. Accordingly, the Second Amended Plan satisfies Section 1129(a)(12) of the Bankruptcy Code.

39. ***Continuation of Retiree Benefits.*** No retiree benefits, as that term is defined in Section 1114 of the Bankruptcy Code, exist in this Chapter 11 Case, making Section 1129(a)(13) of the Bankruptcy Code inapplicable. The Second Amended Plan thus satisfies Section 1129(a)(13) of the Bankruptcy Code.

40. ***Principal Purpose***. The principal purpose of the Second Amended Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such avoidance. Accordingly, the Second Amended Plan complies with Section 1129(d) of the Bankruptcy Code.

41. ***Executory Contracts and Unexpired Leases***. The rejections of executory contracts and leases as set forth in Article 7 of the Second Amended Plan as modified by this Confirmation Order are approved.

42. ***Good Faith Solicitation***. The Debtor and its attorneys and advisers and the Garden City Group as the balloting agent for the Debtor have solicited votes to accept or reject the Second Amended Plan in good faith and in compliance with the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order, and are therefore entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

43. ***Conditions to Confirmation and Effective Date***. The entry of this Confirmation Order establishes that the Court has made all findings, determinations, and approvals regarding the Second Amended Plan, and has entered all orders as are necessary to Confirmation.

44. ***Retention of Jurisdiction***. The Court's retention of jurisdiction as set forth in Article 13 of the Second Amended Plan comports with the parameters contained in 28 U.S.C. §§157 and 1334 and is to be interpreted as broadly as possible. Without limiting the provisions of Article 13 of the Second Amended Plan, the Court's retention of jurisdiction includes jurisdiction over all matters and parties in connection with objections to Claims and the pursuit, litigation, and recovery of any and all causes of action, subject to the parameters contained in 28 U.S.C. §§157 and 1334.

45. ***Burden of Proof.*** The Debtor has met its burden of proving all of the elements of Section 1129(a) and (b) of the Bankruptcy Code.

46. ***Confirmation of Plan.*** The Second Amended Plan is confirmed pursuant to Section 1129(a) of the Bankruptcy Code with the modifications set forth in this Confirmation Order, which shall become part of the Second Amended Plan and this Confirmation Order.

47. ***Binding Effect.*** The Court finds that the Second Amended Plan and this Confirmation Order are binding upon any and all Creditors, Holders of Equity Interests, and parties in interest. The Court finds that all Creditors, Holders of Equity Interests, and

parties in interest received sufficient and proper notice, actual or constructive, of the Second Amended Plan and the Confirmation Hearing. The provisions of the Second Amended Plan and this Confirmation Order are binding upon the Debtor, the Debtor's Estate, all Creditors, whether or not the Claims of such Creditors are Impaired under the Second Amended Plan and whether or not such Creditors have accepted the Second Amended Plan, all Holders of Equity Interests, all other parties in interest, and the respective successors and assigns of all such entities.

*48. **Effect of Confirmation.*** Except as otherwise provided in this Confirmation Order, upon the Effective Date, the property of the estate of the Debtor shall vest in the Liquidating Estate of the Debtor in accordance with Sections 1141(b) and (c) of the Bankruptcy Code and, except as set forth in the Second Amended Plan, such property of the Liquidating Estate shall be free and clear of all liens, claims, encumbrances, and interests.

*49. **Plan Confirmed in Its Entirety.*** The Second Amended Plan as modified in this Confirmation Order is confirmed in its entirety as if set forth *in haec verba*. The inclusion of decretal paragraphs in this Confirmation Order referring to specific provisions of the Second Amended Plan or authorizing specific action shall not be construed to imply nonapproval of other provisions or nonauthorization of other actions. The failure to reference or discuss any particular provision of the Second Amended Plan in this Confirmation Order shall have no effect on the validity, binding effect, or enforceability of such provision and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Second Amended Plan.

*50. **Implementation.*** The Debtor, the Liquidating Estate, and the Liquidating

Agent, and each of their agents, attorneys, and authorized representatives are authorized, empowered, and directed, subject to the conditions set forth in the Second Amended Plan as modified by this Confirmation Order, to take all such steps necessary to effectuate and implement the Second Amended Plan as modified by this Confirmation Order, including, without limitation, the execution and delivery of documents necessary to implement the Second Amended Plan as modified by this Confirmation Order and the various other documents, agreements, and instruments contemplated by the Second Amended Plan and the various settlements, agreements, and compromises referenced in the Second Amended Plan as modified by this Confirmation Order.

51.     *Exemption.*  Pursuant to Section 1146(a) of the Bankruptcy Code, any transfer from the Liquidating Estate or the Liquidating Agent to any person or entity and the making or delivery of an instrument or instruments of transfer shall not be subject to any document recording tax, stamp tax, conveyance fee, intangible tax, mortgage tax, real estate transfer tax, mortgage recording tax, or other similar tax, governmental assessment, or fee, including any applicable transfer taxes or fees and mortgage recording taxes or fees.  All filing officers and their agents are directed to accept from the Debtor or the Liquidating Agent (as the case may be) for recording and to record such documents and instruments that may be required to effectuate the Second Amended Plan, including without limitation any financing, security, mortgage, or similar documents as are customarily recorded in connection with commercial transactions, immediately upon presentation of such documents, unconditionally and without reservation, without the presentation of any affidavits, instruments, or returns otherwise required for recording or filing and without the assessment or payment of any stamp tax, transfer tax, or similar tax

imposed by any state or local law, and shall not require payment of such tax.

**52.** ***Notice of Effective Date***.  Following the occurrence of the Effective Date, the Liquidating Agent shall file a notice of occurrence of the Effective Date with the Court, identifying the date on which the Effective Date occurred.

**53.** ***Service of Confirmation Order.***  A copy of this Confirmation Order shall be served on all Creditors of the Debtor set forth on the Court's mailing matrix for these cases.  Counsel for the Debtor shall file a certificate of service with this Court regarding the foregoing service of this Confirmation Order.

**54.** ***Inconsistency between Second Amended Plan and Confirmation Order.*** Any inconsistency between the Second Amended Plan and this Confirmation Order shall be resolved in favor of this Confirmation Order which shall govern in all respects.

**DONE** and **ORDERED** at Tampa, Florida on _____October 18, 2010_____.

_____
MICHAEL G. WILLIAMSON
United States Bankruptcy Judge

Copies to:

All Creditors and Parties in Interest on the Court's Mailing Matrix