## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| **In re** | : | |
| **GunnAllen Financial, Inc.,** | : | Case No. 8:10-bk-09635-MGW |
| **Debtor.** | : | |

### LIQUIDATING AGENT'S
### MOTION TO APPROVE SETTLEMENT AGREEMENT WITH AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY AND TRIGGERING OF CHANNELING INJUNCTION AND BAR ORDER

Soneet Kapila, as the Liquidating Agent for GunnAllen Financial, Inc. ("*Liquidating Agent*") moves the Court to approve the attached Settlement Agreement with American International Specialty Lines Insurance Company (the "*Insurer*"). The Settlement Agreement provides that the remaining proceeds of a wasting professional liability insurance policy be paid to Liquidating Agent and that the policy proceeds will be administered pursuant to the procedures, the channeling injunction and bar order incorporated in GunnAllen's Chapter 11 plan, as confirmed by Order dated October 18, 2010 [Dkt. No. 266], and effective on November 1, 2010 (the "*Plan*"). In support of this motion, the Liquidating Agent states:

1. The Insurer issued a Securities Broker/Dealer's Professional Liability Insurance Policy to GunnAllen Holdings, Inc, covering policy period from November 30, 2008 through November 30, 2009, Policy Number 94-555-80-78 (the "*Policy*"), under which GunnAllen Financial, Inc. (the "Liquidating Debtor") was a named insured.

2. The Policy is a wasting policy, which means that it can be exhausted by early claims resolution and defense attorneys' fees and costs. The original policy amount was $3.0 million. The remaining Policy proceeds are approximately $1.6 million.

3. The Policy is also a "claims made" policy, which means that claims must already have been submitted to the Insurer and the remaining universe of claims made under the Policy are listed on Exhibit A to the Settlement Agreement (the "*Named Claimants*"). There are 34 Named Claimants.

4. Liquidating Agent and the Insurer have executed a Settlement Agreement, the complete terms of which are attached to this motion as **Exhibit 1**. Pursuant to the Settlement Agreement, the remaining Policy proceeds will be paid to the Liquidating Agent and administered as set forth in the Plan.

5. The Insurer and the Insureds (including certain registered agents and officers and directors) will be released from all liability associated with the claims made under the Policy and identified in Exhibit A to the Settlement Agreement. All such claims will be channeled to the estate now being administered by the Liquidating Agent. The Named Claimants will be paid a pro rata portion of the proceeds of the Policy after the claims are adjudicated by the Claims Arbitrator or the Bankruptcy Court, as provided in the Plan. To the extent that there are insufficient proceeds from the Policy to pay a claim covered by the Policy, the Named Claimant will have a general unsecured claim in the Liquidating Debtor's estate for any deficiency.

6. The Debtor and the Named Claimants will be barred from suing the Insurer and any Insured with respect to any of the claims covered by the Policy.

7. The Plan provides that 10 % of the amounts paid to the Liquidating Agent by the Insured will be earmarked for general creditors.

8. The Liquidating Agent believes that the Settlement Agreement is in the best interest of the Named Claimants and the Liquidating Debtor's estate. The alternative to the settlement is that the Policy will simply waste away in payments of fees to defense counsel.

9. Similarly, the channeling injunction and the bar order are consistent with the legal principles recognized in the Eleventh Circuit. *See, e,g., Munford v. Munford (In re Munford*, 97 F.3d 449 (11th Cir. 1996)): *In re HealthSouth Corp. Securities Litigation*, 572 F.3d 854 (11th Cir. 2009). *See also In re Solar Cosmetic Labs, Inc.*, 2010 WL 3447268 (Bankr. S.D. Fla. 2010). The proposed bar order and channeling injunction are integral to the Settlement Agreement and are fair and equitable. Limiting the defense costs and wasting of the Policy serves the interests of all. To the extent that any Named Claimant believes that the bar order and channeling injunction are not fair and equitable in their particular case, they should object to this Settlement Agreement and contact the Liquidating Agent with information demonstrating the same.

WHEREFORE, the Liquidating Agent seeks authority to consummate the Settlement Agreement with the Insurer.

/s/ Roberta A. Colton
ROBERTA A. COLTON
Florida Bar No. 371289
rcolton@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, PA
2700 Bank of America Plaza
Tampa, Florida 33602
Post Office Box 1102
Tampa, Florida 33601
(813) 223-7474 / Facsimile: (813) 229-6553
Attorneys for Soneet Kapila as
Liquidating Agent

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing LIQUIDATING AGENT'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY AND TRIGGERING OF CHANNELING INJUNCTION AND BAR ORDER together with the referenced Exhibit 1 has been served, via CM/ECF to all CM/ECF Participants and by U.S. Mail to: **U.S. Trustee's Office**, 501 E. Polk Street, Suite 1200, Tampa, Florida 33602; the **Court's LBR 1007-2 Matrix**; and, the parties listed on the attached **Supplemental Service List** this 17th day of November, 2010.

/s/ Roberta A. Colton
Attorney

Insurance Settlement Motion-5070035v1