IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| GUNNALLEN FINANCIAL, INC., | ) Chapter 11 |
| Debtor. | ) Case No. 8:10-bk-9635-MGW |
| | ) |

### JOINDER OF CLASS PLAINTIFFS IN
### KATTAWAR OBJECTION TO PROPOSED AISLIC SETTLEMENT

John Gilagallon and Mary Merline (together, "Class Plaintiffs") hereby file this Joinder in the Objection to Liquidating Agent's Motion to Approve Settlement Agreement with American International Specialty Lines Insurance Company and Triggering of Channeling Injunction and Bar Order (the "Kattawar Objection") [Dkt #501], and in support thereof would respectfully show the following:

1. As set forth in Class Plaintiffs' Objection to Plan and Disclosure Statement (the "Confirmation Objection") [Dkt #350], Class Plaintiffs have pending securities action against GunnAllen Holdings, Inc. ("Holdings") (the "Class Plaintiffs' Claims").[1] The action asserts that Holdings is liable for damages involving the sale of securities of entities related to Provident Royalties, LLC.

2. American International Specialty Lines Insurance Company ("AISLIC") provided insurance to the Debtor herein and is proposing a settlement with regards to insurance policy #94-555-80-78 (the "Proposed Settlement").[2] The Proposed Settlement will distribute funds to parties listed on Exhibit A to the Proposed Settlement. The Class Plaintiffs' Claims do not fall

---

[1] *Billiterri v. Securities America, Inc.*, No. 3:09-cv-01568-F (N.D. Tex.).

[2] Motion for Approval of Settlement Agreement with American International Specialty Lines Insurance Company and Triggering of Channeling Injunction and Bar Order [Dkt #481].

Dallas 314344v4                                                            1

within the policy because Class Plaintiffs did not file a claim against the Debtor within the policy period (November 30, 2008 to November 30, 2009). Class Plaintiffs are not entitled to share in any distribution on account of the Proposed Settlement. Therefore, the scope of the Proposed Settlement will impermissibly bar the Class Plaintiffs' Claims against non-debtor third parties, including the suit currently pending in the United States District Court for the Northern District of Texas.

3.  Class Plaintiffs object to the proposed bar order contained in Section 5.3 of the Proposed Settlement. The proposed bar order states, in relevant part:

> [E]ach Securities-Related Claimant hereby fully, finally and completely release and waive any and all Claims against the Insurer or any Insured relating to, arising out of, or in connection with a Securities-Related Claim and the Policy.[3]

A "Securities-Related Claimant" is the "Holder of a Securities-Related Claim including those identified in Exhibit A."[4] The Proposed Settlement defines a "Securities-Related Claim" incredibly broadly:

> [A]ny Claim or demand now existing or hereafter arising, in the nature of or sounding in tort, contract, warranty, or under any other theory of law or equity, against any Insured, by a former customer of the Debtor arising out of, or related to the Debtor's business of buying and selling securities, and which are or maybe covered under the Policy.[5]

This language would potentially bar Class Plaintiffs from continuing to prosecute their claims currently pending against Holdings for violating securities laws. Consequently, the proposed bar order reaches too broadly for the reasons put forward in the Kattawar Objection.

---

[3] Proposed Settlement at § 5.4.

[4] Proposed Settlement at § I.DD.

[5] Proposed Settlement at § I.EE.

4.      First, the Bankruptcy Court lacks subject matter jurisdiction over the Class Plaintiffs' Claims.[6] The Class Plaintiffs' Claims involve a non-debtor party suing a non-debtor party based on that party's independent duties. Irrespective of the final outcome of the Class Plaintiffs' Claims, it will not affect the Debtor's estate. As such, neither chapter 11 nor related-to jurisdiction exists.

5.      Second, the proposed bar order is not fair and equitable as required by *In re Munford*, 97 F.3d 449, 454-56 (11th Cir. 1996).[7] The proposed bar absolves Holdings of any liability for violating its independent duties without requiring Holdings to contribute to the Debtor's reorganization. Further, the Proposed Settlement does not afford Class Plaintiffs any relief, merely barring their claims against Holdings. The Court cannot bar a claim without requiring some sort of payment from the beneficiary and without providing some mechanism of compensation to the party barred.

6.      Third, the proposed bar order is not essential to a reorganization.[8] AISLIC and the Debtor can achieve the same settlement with a narrower bar order that will not deny Class Plaintiffs their rights to continue to prosecute their claims against Holdings. Further, the Debtor's reorganization is actually a chapter 11 liquidation, which can continue whether AISLIC settles its claim or not.

7.      The proposed bar order is not justified under the seven-part test put forward in *In re Transit Group, Inc.*, 286 B.R. 811 (Bankr. M.D. Fla. 2002).[9] There is no identity of interest between Holdings and the Debtor: (a) Holdings is not contributing any value under the terms of

---

[6]   *See* Kattawar Objection ¶¶ 11-19.

[7]   *See* Kattawar Objection ¶¶ 20-36.

[8]   *See* Kattawar Objection ¶¶ 37-39.

[9]   *See* Kattawar Objection ¶¶ 40-47.

the Proposed Settlement; (b) the proposed bar order is not essential to the Debtor's reorganization; (c) the reorganization does not pay all claimants in full; and (d) there are no specific factual findings that support the permissibility of the proposed bar order.

8. Additionally, the Class Plaintiffs are entitled to seek recovery from AISLIC for any judgment received against Holdings, to the extent coverage exists.

WHEREAS, PREMISES CONSIDERED, Class Plaintiffs respectfully pray that the Proposed Settlement be denied and Class Plaintiffs be granted such other and further relief to which they may be justly entitled.

Dated: December 14, 2010.

Respectfully submitted,

By: /s/ *Luis Martinez-Monfort*

Basil A. Umari (SBN 24028174)
Chris Johnson (SBN 24012913)
**McKOOL SMITH P.C.**
600 Travis Street, Suite 7000
Houston TX 77002
Tel: 713-485-7304
Fax: 713-485-7344
bumari@mckoolsmith.com

*Counsel for Class Plaintiffs*

Susan Salvetti
Sona R. Shah
**ZWERLING, SCHACHTER &
ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
Tel: 212-223-3900

Dan Drachler, WSBA #27728
**ZWERLING, SCHACHTER &
ZWERLING, LLP**
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: 206-223-2053

*Interim Co-Lead Plaintiffs' Counsel*

-and-

Luis Martinez-Monfort, Esq.
Florida Bar No. 0132713
**GARDNER MARTINEZ-MONFORT P.A.**
400 North Tampa Street, Ste. 2600
Tampa, Florida 33602
(813) 221-2600 Telephone
(813) 221-2611 Fax
lmmonfort@gbmmlaw.com

*Local Counsel for Class Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing Joinder of Class Plaintiffs in Kattawar Objection to Proposed Aislic Settlement has been served by CM/ECF to all CM/ECF participants and by U.S. Mail to the Office of the United States Trustee, on this 14th day of December 2010.

/s/ *Luis Martinez-Monfort*
Attorney – Local Counsel