UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:	Case No. 8:10-bk-9635 (MGW)

GUNNALLEN FINANCIAL, INC.	Chapter 11

Debtor.
_____/

## OBJECTION OF IRA AND DELLA GERSHOWITZ TO LIQUIDATING AGENT'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY AND TRIGGERING OF CHANNELING INJUNCTION AND BAR ORDER

Ira and Della Gershowitz, creditors and parties in interest in the above-captioned case (the "**Claimants**"), by and through their counsel Moritt Hock & Hamroff LLP[1], join the U.S. Securities and Exchange Commission, Michael N. Kattawar, Warner Byrum, Paul Thornton, Rosadia Escueta, Chong Im, Jackie Im and Kevin Im in objecting to the Motion of Liquidating Agent to Approve a Settlement Agreement (the "**Settlement Agreement**") with American International Specialty Lines Insurance Company and Triggering of Channeling Injunction and Bar Order (the "**Motion**") and respectfully represent as follows:

### PRELIMINARY STATEMENT

1. In the Motion, the Liquidating Agent seeks approval of a settlement with one of GunnAllen's (the "**Debtor**") insurers pursuant to which the insurer will pay approximately $1.6 million in remaining policy proceeds to the Liquidating Agent, who will then distribute much,

---

[1] The undersigned is admitted to practice in the state of New York but not in the state of Florida, and requests this Court to allow Moritt Hock & Hamroff LLP to file this Objection, as the firm's appearance in this case will be limited to filing this Objection.

but not all, of the money to the claimants whose securities-related claims are covered by the policy (the "**Securities Claimants**").

2. The Claimants object to the relief sought in the Motion – specifically, the entry of a bar order that would, among other things, bar any and all of their direct claims against the Nondebtors (as defined below) for the following reasons: the settlement would (i) compel Securities Claimants to forfeit their rights against the Nondebtors in exchange for a minimal payment, (ii) provide the Nondebtors a complete release from liability for their alleged unlawful conduct without providing any payment to the Securities Claimants, (iii) not be a more efficient means of claims resolution than the FINRA Action (as defined below), and (iv) the Settlement Agreement fails as a matter of law.

## BACKGROUND

3. On April 26, 2010 (the "**Petition Date**"), the Debtor filed for protection pursuant to Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

4. Prior to the Petition Date, between June 8, 2006 and November 30, 2008, Ira and Della Gershowitz maintained securities brokerage accounts (the "**Brokerage Accounts**") with the Debtor.

5. On or about October 27, 2009, the Claimants commenced a proceeding under the Financial Industry Regulatory Authority, Inc., docket number 09-06509, against the Debtor and David S. Silberg (the "**FINRA Action**"). Upon learning of the Bankruptcy Case, the Claimants served an Amended Statement of Claim amending the caption and asserting claims solely against Christopher M. Murtha and David S. Silberg (the "**FINRA Respondents**") who were registered representatives and employees of the Debtor, but are no longer employed by the Debtor.

6. The FINRA Action, which also serves as the basis for the Claimants' general unsecured claim in the Bankruptcy Case filed on July 12, 2010, seeks approximately $375,000 in

2

damages stemming from alleged deceptive and unlawful practices in the purchase and sale of securities, common law fraud, recklessness, gross negligence, breach of contract, breach of fiduciary duty and unjust enrichment.

7. The FINRA Action consists of the Claimants' independent, direct, non-derivative claims against the non-debtor, third-party FINRA Respondents.

8. A condition to the Settlement Agreement is the entry of a bar order that would permanently enjoin the Securities Claimants from pursuing their *direct* claims against the nondebtor co-insureds under the policy (the "**Nondebtors**"). The Nondebtors who would be protected by the bar order include various registered representatives, officers and directors of the Debtor.

## DISCUSSION

9. The proposed settlement of $1.6 million, after carving out 10% for distribution to general unsecured creditors (without even considering the deduction of payment of fees and expenses of a claims arbitrator), would reduce the settlement amount to $1.4 million. According to the Court's claims register, at least $15,271,184.00 has been filed against the Debtor's estate by claimants that would be covered under the Settlement Agreement. Given that the Claimants' claim consists of $375,000.00, or 2.45% of the total claims against the Debtor, their greatest possible recovery on a pro rata basis is only 2.45% of the $1.4 million insurance policy, or $34,300.00, which is less than 10% of their total claim. Thus, the proposed settlement would compel Securities Claimants to forfeit their rights against the Nondebtors in exchange for a minimal payment.

10. The Settlement Agreement does not require the Nondebtors, such as the FINRA Respondents, to contribute any funds towards the settlement, nor does it provide for the Securities Claimants to opt out of the settlement to preserve their direct claims. It is neither fair

nor equitable to release Nondebtors from liability, as such a release would be in violation of bankruptcy policy as set forth in Section 523(a)(19) of the Bankruptcy Code, which prevents debts incurred in violation of securities fraud laws from being discharged in bankruptcy.

11. The FINRA Respondents may have personal assets that could potentially be used to satisfy a judgment against them in the FINRA Action. Thus, limiting the Claimants to a minimal claim of insurance proceeds is neither fair nor necessary.

12. Additionally, allowing the claims of Securities Claimants to be determined by a Claims Arbitrator, as provided under the Settlement Agreement, is not a more efficient method than allowing these claims to be determined in the FINRA Action. To begin with, under the Settlement Agreement, the Claimants would still need to prove their claim to the claims arbitrator much in the same way they would in the FINRA Action. In addition, the non-debtor FINRA Respondents are no longer employed by the Debtor and the Debtor does not afford itself any savings in grouping the claims against it with the claims against the non-debtors. Therefore, there is no utility in barring the direct claims against the FINRA Respondents and channeling these claims in this bankruptcy case.

## CONCLUSION

13. WHEREFORE, the Claimants respectfully request that the Court deny the Motion and grant such other and further relief as is deemed just and proper.

Dated: December 13, 2010
      Garden City, New York

                              **MORITT HOCK & HAMROFF LLP**
                              Counsel to Ira and Della Gershowitz

                        By: _____
                              William P. Laino, Esq.
                              400 Garden City Plaza
                              Garden City, NY 11530
                              (516) 873-2000
                              wlaino@moritthock.com

MORITT, HOCK & HAMROFF LLP
Attorneys for Ira and Della Gershowitz
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000
wlaino@moritthock.com
William P. Laino

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:                                           Chapter 11
                                                 Case No. 10-09635 (MGW)
GunnAllen Financial, Inc.,

                Debtor.
_____/

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK)
                 ) ss.:
COUNTY OF NASSAU )

Lana Koroleva, being duly sworn, deposes and says: I am not a party to the action, am over 18 years of age and reside in Kings County, New York.

On the 13th day of December, 2010, I served true copies of the Objection of Ira and Della Gershowitz to Liquidating Agent's Motion to Approve Settlement Agreement with American International Specialty Lines Insurance Company and Triggering of Channeling Injunction and Bar Order (the "Objection") by overnight mail, in a sealed envelope, with postage prepaid thereon, in an official depository of the United States Postal Service and/or Federal Express within the state of New York as indicated below, addressed to the last know address of the addressee(s) as indicated below.

To:
GunnAllen Financial, Inc.
P.O. Box 172427
Tampa, FL 33672
(via U.S Postal Service)
*Debtor*

Becky Ferrell-Anton, Esq.
Stichter Reidel Blain & Prosser, P.A.
110 E. Madison Street, Suite 200
Tampa, FL 33602
(via Federal Express)
*Attorney for Debtor*

Anthony Paduano, Esq.
Paduano & Weintraub, LLP
1251 Avenue of the Americas, 9th Floor
New York, NY 10020
(via Federal Express)
*Attorney for Debtor*

William J. Schifino, Jr.
Williams Schifino Mangione & Steady, PA
201 North Franklin, Suite 2600
Tampa, FL 33602
(via Federal Express)
*Attorney for Debtor*

Burton Wiand
Wiand Guerra King PL
3000 Bayport Drive, Suite 600
Tampa, FL 33607
(via Federal Express)
*Attorney for Debtor*

Keith T. Appleby
Fowler White Boggs Banker, PA
P.O. Box 1438
Tampa, FL 33601
(via U.S Postal Service)
*Attorney for Debtor*

Denise E. Barnett, Esq.
United States Trustee
501 East Polk Street, Suite 1200
Tampa, FL 33602
(via Federal Express)
*Office of the U.S. Trustee*

Trenam Kemker Scharf Barkin *et al.*
Attn. Roberta A. Colton
P.O. Box 1102
Tampa, FL 33601
(via U.S Postal Service)
*Counsel to Liquidating Agent, Soneet Kapila*

All parties having filed a Notice of Appearance in the above-captioned case were served by receiving notice through the Court's electronic filing database.

*Lana Koroleva*
Lana Koroleva

Sworn to before me this
13th day of December, 2010

Harold May
Notary Public, State of New York
No. 01MA5069176
Qualified in Suffolk County
Commission Expires 11/18/2014

18491 1v1