IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| GUNNALLEN FINANCIAL, INC., | ) Chapter 11 |
| Debtor. | ) Case No. 8:10-bk-9635-MGW |
| | ) |

**CLASS PLAINTIFFS, JOHN GILGALLON AND MARY MERLINE RESPONSE TO SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF LIQUIDATION AGENT'S MOTION TO APPROVE OF SETTLEMENT AGREEMENT**

John Gilagallon and Mary Merline (together, "Class Plaintiffs") hereby file this Response to *Supplemental Memorandum of Law in Support of the Liquidating Agent's Motion to Approve Settlement Agreement with American International Specialty Lines Insurance Company and Triggering of Channeling Injunction and Bar Order* (the "Memo") [Dkt #515], and would respectfully show the following:

1.  The Class Plaintiffs object solely to the Proposed Settlement's release (the "Release") and proposed bar order (the "Bar Order").[1] The Release and Bar Order are overly broad and prevent non-debtor parties from bringing claims against other independent, third parties. Despite the Trustee's contentions, the Release's language makes clear that it is not limited to the claims listed in an attached exhibit to the settlement agreement.

2.  The Release states, in relevant part:

    > [E]ach Securities-Related Claimant hereby fully, finally and completely release and waive any and all Claims against the Insurer or any Insured relating to, arising out of, or in connection with a Securities-Related Claim and the Policy.[2]

---

[1] Motion for Approval of Settlement Agreement with American International Specialty Lines Insurance Company and Triggering of Channeling Injunction and Bar Order [Dkt #481] (the "Proposed Settlement").

[2] Proposed Settlement at ¶ V.3.

The Bar Order is similarly broad:

> The Final Order shall also include a Bar Order, prohibiting any third party to file a claim against the Insurer or any Insured with respect to a Securities-Related Claim that could be covered under the Policy whether or not it is identified in Exhibit A. The Parties shall agree to the exact language of the Release and Bar Order."[3]

Both the Release and the Bar Order would potentially cover the Class Plaintiffs' claims against Gunn Allen Holdings, Inc. ("Holdings"). A "Securities-Related Claimant" is the "Holder of a Securities-Related Claim including those identified in Exhibit A."[4] The Proposed Settlement defines a "Securities-Related Claim" incredibly broadly:

> [A]ny Claim or demand now existing or hereafter arising, in the nature of or sounding in tort, contract, warranty, or under any other theory of law or equity, against any Insured, by a former customer of the Debtor arising out of, or related to the Debtor's business of buying and selling securities, and which are or maybe covered under the Policy.[5]

Finally, the Proposed Settlement defines an "Insured" as

> 1.) Gunn Allen Holdings, Inc.; 2.) any past, present or future director, officer, partner or employee of Gunn Allen Holdings, Inc.; and 3.) any past, present or future Registered Representatives of Gunn Allen Holdings, Inc. Additionally, for the purpose of this Agreement only, an insured shall include any Person entitled or allegedly entitled to insurance coverage and/or other benefits under the Policy, including without limitation "insureds," "named insureds" or "additional insureds" as those terms are defined or used in the Policy.

    3.    Reading this language together, the Release would potentially bar Class Plaintiffs (a "Securities-Related Claimant") from continuing to prosecute their claims (a "Securities-Related Claim") currently pending against Holdings (an "Insured") for violating securities laws.

---

[3] Proposed Settlement at ¶ IV.1.

[4] Proposed Settlement at § I.DD.

[5] Proposed Settlement at § I.EE.

As explained in previous pleadings, these overly broad orders are outside the court's jurisdiction and contrary to established case law.[6]

4. It is likely that the Trustee overlooked the breadth of the Release and the Bar Order. In response to several objections on overly broad Release,[7] the Trustee responds in its Memo that:

> Any objection that the Settlement allows Additional Insureds to escape liability for what they did to GunnAllen is unfounded. The release extends only to the specific claims attached to the Settlement[.]

5. This is simply incorrect. There is no language in the Proposed Settlement limiting the Release to specifically listed claims. The opposite is true; the Proposed Settlement's language is quite clear that the Release is **not** limited to the "specific claims attached to the Settlement." For example:

- The Bar Order does not limit itself to an attached list of claims: "The Final Order shall also include a Bar Order, prohibiting any third party to file a claim against the Insurer or any Insured with respect to a Securities-Related Claim that could be covered under the Policy *whether or not it is identified in Exhibit A*. The Parties shall agree to the exact language of the Release and Bar Order."[8]

- The Release does not limit itself to an attached list of claims: "[E]ach Securities-Related Claimant hereby fully, finally and completely release and waive *any and all* Claims against the Insurer or any Insured *relating to, arising out of, or in connection with a Securities-Related Claim and the Policy.*"[9]

---

[6] *See* Objection to Liquidating Agent's Motion to Approve Settlement Agreement with American International Specialty Lines Insurance Company and Triggering of Channeling Injunction and Bar Order (the "Kattawar Objection") [Dkt #501]; Opposition Joinder of Class Plaintiffs, John Gilgallon and Mary Merline, in Kattawar's Objection to Proposed Aislic Settlement [Dkt #502].

[7] *Id.*

[8] Proposed Settlement at ¶ IV.1 (emphasis added).

[9] Proposed Settlement at ¶ V.3 (emphasis added).

- "Securities-Related Claimant" is defined as the "Holder of Securities-Related Claim *including those identified in Exhibit A*."[10]

- "Securities-Related Claim" is defined as "*any Claim* or demand now existing or hereafter arising, in the nature of or sounding in tort, contract, warranty, or under any other theory of law or equity, *against any Insured*, by a former customer of the Debtor arising out of, or related to the Debtor's business of buying and selling securities, and *which are or maybe covered under the Policy. A schedule of the Securities-Related Claims which have been made under the Policy is attached hereto as Exhibit A.* Most of the Securities-Related Claims against the Debtor have been brought as arbitrations pursuant to the rules of FINRA; however, *the term "Securities-Related Claim" includes any such Claim*. Notwithstanding anything to the contrary contained in the Plan, when used in the Plan, *the term "Securities-Related Claim" will be broadly construed and will include claims that may or may not presently constitute "claims" within the meaning of Section 101(5) of the Bankruptcy Code.*"[11]

There is nothing in the entire Proposed Settlement to support that its effect is limited to the claims listed in Exhibit A or any other list of attached claims.

6. If the Trustee truly intends to limit the Bar Order and the Release to the claims listed on Exhibit A or some other list of claims, then the Trustee should modify the language of the Proposed Settlement to reflect that intent. The Class Plaintiffs are amenable to such a change and would withdraw their objection if done in a way that preserves their ability to pursue Holdings for pending securities law claims.

WHEREAS, PREMISES CONSIDERED, Class Plaintiffs respectfully pray that the Proposed Settlement, as currently drafted, be denied and Class Plaintiffs be granted such other and further relief to which they may be justly entitled.

Dated: January 7, 2011.

                                          Respectfully submitted,

                                          */s/ Luis Martinez-Monfort*

---

[10] Proposed Settlement at ¶ I.DD (emphasis added).

[11] Proposed Settlement at ¶ I.EE (emphasis added).

Basil A. Umari (SBN 24028174)
Chris Johnson (SBN 24012913)
**McKOOL SMITH P.C.**
600 Travis Street, Suite 7000
Houston TX 77002
Tel: 713-485-7304
Fax: 713-485-7344
bumari@mckoolsmith.com

*Counsel for Class Plaintiffs*

Susan Salvetti
Sona R. Shah
**ZWERLING, SCHACHTER &
ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
Tel: 212-223-3900

Dan Drachler, WSBA #27728
**ZWERLING, SCHACHTER &
ZWERLING, LLP**
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: 206-223-2053

*Interim Co-Lead Plaintiffs' Counsel*

-and-

Luis Martinez-Monfort, Esq.
Florida Bar No. 0132713
**BREWER  PEROTTI  MARTINEZ-MONFORT
P.A.**
400 North Tampa Street, Ste. 2600
Tampa, Florida 33602
(813) 579-4010 Telephone
(813) 228-0740 Fax
lmmonfort@bpmmlaw.com

*Local Counsel for Class Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by the Court's CM/ECF System and/or U.S. Mail, to the creditors and parties in interest on the attached service list and the Office of the United States Trustee, on this 7th day of January 2011.

                                       */s/ Luis Martinez-Monfort*
                                       Attorney – Local Counsel